Argued April 8, dismissed May 20, 1959

# CLACKAMAS BROADCASTERS, INC. *v.* SCHERER ET AL

339 P. 2d 426

*John O. Sheldahl,* Oregon City, argued the cause for appellant. With him on the brief were Sheldahl & Misko, Oregon City.

*Thomas C. Enright,* Special Assistant Attorney General, Salem, argued the cause for respondent Fred G. Scherer. With him on the brief was Robert Y. Thornton, Attorney General of Oregon.

No appearance for respondent Local No. 49.

Before McALLISTER, Chief Justice, and ROSSMAN, LUSK and CRAWFORD, Justices.

LUSK, J.

This case involves the validity of an election held to determine the bargaining agent of the employees of the plaintiff, Clackamas Broadcasters, Inc., an Oregon corporation.

ORS 662.630 and 662.640 prescribe the procedure for designating a labor organization as the "bargaining agent of an appropriate bargaining unit" of employees of an employer. The "appropriate bargaining unit" is determined by the labor examiner (an office created by ORS 662.700). When a petition for an election has been filed with him and after such determination, the examiner is required to cause an election to be held by secret ballot of the employees in the unit. The majority of those voting shall determine whether the labor organization has been designated a bargaining agent.

On June 29, 1955, such an election was held by employees of the plaintiff and it resulted in the designation of Local No. 49, International Brotherhood of Electrical Workers, as their bargaining agent. Seven employees who had theretofore been determined by the labor examiner to constitute the "appropriate bargaining unit" voted, and the vote was 4-3 in favor of designating Local No. 49 as bargaining agent. The plaintiff challenged the vote cast by Edward Saxe, Chief Engineer of plaintiff's radio station KGON, on the ground that he should have been classed as "supervisory personnel" and, therefore, not entitled to vote as a member of a bargaining unit. It is conceded that without Saxe's vote the result would have been a

tie. Thereupon, the labor examiner ordered a new election. Judicial review of this order was had pursuant to ORS 662.720, as a result of which the circuit court for Clackamas County entered a decree vacating the order and directing the labor examiner to conduct a rehearing of the question whether Edward Saxe should be excluded from or included within the bargaining unit of plaintiff's employees. Accordingly, a hearing, at which the plaintiff and Local No. 49 were represented by counsel, was held by the labor examiner, who determined that Saxe was a qualified member of the unit, and that his vote cast at the election of June 29, 1955, was entitled to be counted and that Local No. 49 should be certified as the bargaining agent. The plaintiff sought review of this order in the circuit court. Local No. 49 was permitted to intervene, the court, on September 25, 1956, entered a decree sustaining the order of the labor examiner, and the plaintiff has appealed from that decree.

Upon the argument in this court, counsel for the plaintiff stated to the court that Saxe terminated his employment with the plaintiff shortly after the election in controversy, and that the plaintiff has an entirely new set of employees not one of whom is a member of the union. Local No. 49 has apparently lost all interest in the case, as is evidenced by the fact that it has not even made an appearance in this court. Yet the real controversy, if there were one, would be, not between the plaintiff and the labor examiner, but between the plaintiff and the union. In response to a suggestion from the bench that the case was moot, counsel for the plaintiff expressed the view that if the judgment were affirmed, the union might re-assert its rights as bargaining agent. We can only speculate as to the probability of such action. Under ORS 662.630,

if a labor organization has not, within the last preceding 12 month period, been recognized or certified as the bargaining agent, an election may be held to determine the bargaining agent. So far as we are advised, there has been no election since the one involved in this case, held nearly four years ago, and so it might be assumed that if none of the employees are now members of the union a new election would be in order if Local No. 49 should still claim to be the bargaining agent.

In addition, the statute under which these proceedings were taken was repealed by the 50th Legislative Assembly. The Assembly came to an end on May 6, 1959, and the repeal will become effective 90 days thereafter. Constitution of Oregon, Art IV, § 28.

In view of all these circumstances, we are unable to see how a decision of the question whether Edward Saxe was, nearly four years ago, entitled to cast a vote as a member of an "appropriate bargaining unit" has practical importance for any one today. It seems to us to be a lifeless question arising under a moribund law.

The suit is dismissed.